IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| F.C. INTRIERI CONSTRUCTION CO., INC., : |  |
| Plaintiff : | Civil Action No. 1:12-cv-00361 |
| v. : | (Chief Judge Kane) |
| SANJAY J. PATEL, et al., : |  |
| Defendants : |  |

### MEMORANDUM ORDER

Presently pending before the Court is Defendants' motion to set aside the Clerk's entry of default. (Doc. No. 14.) For the reasons that follow, the Court will grant the motion.

**I. BACKGROUND**

On February 24, 2012, Plaintiff filed a complaint, alleging, inter alia, that Defendants violated the Lanham Act and the Copyright Act. (Doc. No. 1.) Waivers of service of summons were returned on behalf of all Defendants, reflecting that the waivers were sent on March 1, 2012, and that "an answer or a motion under Rule 12 [must be filed] within 60 days from" March 1, 2012. (Doc. No. 9.) Defendants, however, failed to answer the complaint within the sixty-day period. Accordingly, on May 15, 2012, Plaintiff requested that the Clerk enter default against Defendants based on their failure to plead or otherwise defend in response to Plaintiff's complaint. (Doc. No. 11; see Fed. R. Civ. P. 55(a).) On that same date, the Clerk made an entry on the case docket that Defendants were in default. (Doc. No. 13.) Two days later, Defendants filed the instant motion to set aside the entry of default. (Doc. No. 15.)

**II. DISCUSSION**

The United States Court of Appeals for the Third Circuit has made clear that it "does not

favor entry of defaults or default judgments" and "require[s] doubtful cases to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on the merits." United States v. Mulvenna, 367 F. App'x 348, 350 (3d Cir. 2010) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)) (internal quotation marks omitted). Rule 55(a) of the Federal Rules of Civil Procedure provides that "the clerk must enter default" when a defendant has "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Once the Clerk has entered default, "Rule 55(b)(1) allows the clerk to enter default judgment if the plaintiff's claim is for a sum certain . . . . The time between the entry of default and the entry of default judgment provides the defendant with an opportunity to move . . . to vacate the default" under Rule 55(c). Id.

Under Rule 55(c), a district court may set aside an entry of default for good cause shown. Whether to set aside an entry of default is within the discretion of the district court, and this Court must consider: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense, that is, whether the defendant's allegations, if established at trial, would constitute a complete defense to the action; and (3) whether the default was the result of the defendant's culpable conduct." Dambach v. United States, 211 F. App'x 105, 109 (3d Cir. 2006) (citing $55,518.05 in U.S. Currency, 728 F.2d at 195).

Here, the Court finds that Plaintiff will not be prejudiced by an order vacating the entry of default because Defendants moved to set aside the default within two days after it was entered. See id. (finding that the plaintiffs were not prejudiced by the district court's vacating of entries of default because "Defendants moved to vacate the defaults shortly after their entry"). Moreover, Defendants may have meritorious defenses to the allegations in Plaintiff's complaint,

as demonstrated by Defendants' answer, filed on May 24, 2012, which includes several affirmative defenses as well as a counterclaim. (Doc. No. 16.) Finally, the Court finds that Defendants' failure to timely answer or otherwise respond to the complaint did not result from culpable actions; rather, Defendants' delay appears to be due to an error in the calculation of the date on which an answer or Rule 12 motion was due as well as from defense counsel's brief leave of absence in light of the birth of his son. Such conduct, despite Plaintiff's contentions, does not constitute willful or fraudulent conduct. See Dambach, 211 F. App'x at 109-10 (finding that delay caused by the hospitalization of counsel's parent was not culpable conduct). Therefore, in light of the Third Circuit's disfavor of entries of default and the fact that Defendants promptly filed an answer to Plaintiff's complaint shortly after filing the instant motion, the Court concludes that Defendants' failure to timely plead or otherwise defend in this action does not warrant the denial of their motion to set aside the entry of default.

**ACCORDINGLY**, on this 7th day of June 2012, **IT IS HEREBY ORDERED THAT** Defendants' motion to set aside the Clerk's entry of default (Doc. No. 14) is **GRANTED**. The case management conference will remain set for June 21, 2012, at 10:00 a.m., in accordance with the Court's April 9, 2012 scheduling order. (Doc. No. 10.)

    S/ Yvette Kane
    Yvette Kane, Chief Judge
    United States District Court
    Middle District of Pennsylvania